IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| AMY MARTIN, | ) | CIVIL NO. 15-00044 SOM-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT PLAINTIFF'S MOTION FOR |
| vs. | ) | REMAND |
| | ) | |
| HAWAIIAN AIRLINES, INC.; JAN | ) | |
| KANETOKU; JOHN DOES 1-10; AND | ) | |
| DOE ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION FOR REMAND[1]

Before the Court is Plaintiff's Motion for Remand, filed February 27, 2015. ECF No. 11. Defendants Hawaiian Airlines, Inc. and Jan Kanetoku filed a Statement of No Opposition on March 13, 2015, indicating that they did not oppose remand, but arguing that Defendants had an objectively reasonable basis for seeking removal. ECF No. 17. Plaintiff did not file a reply to address the issue of whether Defendants had an objectively reasonable basis for seeking removal. The Court found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d). ECF No. 12. After carefully reviewing the submissions of the parties and the relevant legal

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

authority, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Motion for Remand.

DISCUSSION

Plaintiff filed her Complaint against Defendants on December 18, 2014, in the Circuit Court of the First Circuit, State of Hawaii. See ECF No. 1-1. Defendants filed a Notice of Removal on February 18, 2015, asserting diversity jurisdiction as the basis for removal. ECF No. 1. Plaintiff filed the present Motion asserting that removal was improper because of the Forum Defendant Rule. ECF No. 11.

A defendants may remove a civil action brought in a state court over which federal courts have original jurisdiction. 28 U.S.C. § 1441(a). However, under the Forum Defendant Rule, an action is not removable if any defendant "is a citizen of the State in which such action is brought." Id. § 1441(b)(2). A defendant who invokes the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011).

Here, the parties agree that remand is appropriate because Defendant Kanetoku is a citizen of Hawaii. Defendants explain in their Statement that they removed this action despite the Forum Defendant Rule in hopes that Plaintiff would waive the application of the Forum Defendant Rule. See ECF No. 17 at 2-3. Based on the parties' agreement that removal is appropriate, the Court FINDS AND RECOMMENDS that the district court remand this

2

action to the Circuit Court of the First Circuit, State of Hawaii.

On remand, a court "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal," see 28 U.S.C. § 1447(c), if the removing party had no "objectively reasonable basis for removal." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (citations omitted). Here, Plaintiff did not expressly request an award of fees and costs and, as noted above, did not file a reply addressing Defendants' argument that they had an objectively reasonable basis for removal. Accordingly, the Court FINDS AND RECOMMENDS that the district court decline to require payment of costs and expenses.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand Case to State Court and decline to order the payment of attorney's fees and costs under 28 U.S.C. § 1447(c).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 1, 2015.

_____
Richard L. Puglisi
United States Magistrate Judge

**MARTIN v. HAWAIIAN AIRLINES, INC., ET AL.; CIVIL NO. 15-00044 SOM-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND**